IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELLEN L. FLEMING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1-10-cv-00973 |
| | § | |
| DELL INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Dell Inc. ("Dell" or "Defendant") hereby files its Response to Plaintiff Ellen Fleming's ("Plaintiff" or "Fleming") Motion to Compel (Dkt. No. 39) as follows:

**I.      INTRODUCTION**

Although the parties have been able to resolve virtually all discovery disputes without court intervention during the course of this litigation, there are two issues that could not be resolved. Plaintiff seeks discovery of compensation information for her former supervisor, Sean Walsh ("Walsh"), and the amount of severance paid to Walsh's former supervisor, Joan Hooper ("Hooper"). Neither individual is a party to this litigation, neither is a comparator to Plaintiff and only Mr. Walsh is still a current employee of Dell. Plaintiff's sole basis for seeking this private compensation and severance information is that the information is relevant to show that these two non-party witnesses are "biased" against Plaintiff.

Plaintiff's argument is not supported by the facts in this case or the law. Moreover, to allow a Plaintiff to demand private compensation/severance information from current and former employees, who are clearly not similarly situated to the Plaintiff, would mean that such information may be obtained from every fact witness who was ever employed at any point by a party in the case. Such a conclusion would eradicate the

relevance standard and the bounds of legitimate discovery under the Federal Rules of Civil Procedure.

## II.     BACKGROUND

At its core, Plaintiff asserts that Dell discriminated against her on the basis of her age and sex, violated the Equal Pay Act ("EPA") by allegedly paying superior compensation to males performing the same work and retaliating against her in response to alleged complaints regarding discrimination. *See* Plaintiff's First Amended Original Complaint (Dkt. No. 27).[1] On October 19, 2011, Dell will be filing its Motion for Summary Judgment on all of Plaintiff's claims demonstrating that, as a matter of law, Plaintiff's claims fail.[2]

In the two discovery requests at issue in her Motion to Compel, Plaintiff seeks: 1) the compensation information of Walsh, who was her supervisor at Dell, and 2) the amount of severance Dell paid to Hooper, Walsh's supervisor, upon her termination from Dell.[3] Pl.'s Motion to Compel at 1-2.

In short, Plaintiff is seeking the irrelevant salary and severance information of third-party fact witnesses and she has manufactured an unsupported "bias" argument to justify obtaining such information. Her attempt should fail.

---

[1] Despite these allegations, on October 14, 2011, Plaintiff's counsel contacted counsel for Dell and indicated they will voluntarily dismiss the age discrimination claim and EPA claim. Burkhardt Decl. at ¶ 7.
[2] Dell previously filed a Motion for Partial Summary Judgment on its Counterclaim, which is currently pending before the Court. The discovery sought in Plaintiff's Motion to Compel is unrelated to that motion.
[3] For nearly six out of the first nine pages of her Motion, Plaintiff essentially regurgitates the allegations of her Complaint through a self-serving affidavit and makes unsubstantiated assertions and personal attacks on Walsh and Hooper. This recitation of her allegations, however, has absolutely nothing to do with Plaintiff's Motion to Compel. Ironically, when counsel for the parties conferred about various discovery disputes and Plaintiff's counsel presented Dell's counsel with a draft motion to compel, the six pages of "facts" in the instant motion were not included. Burkhardt Decl. at ¶¶ 4-5. The Draft Motion to Compel presented to defense counsel on September 15, 2011 sought to compel responses to 14 discovery requests. *Id.* The parties reached agreement on twelve of those requests. *Id.* Presumably, if Plaintiff's counsel thought the "facts" contained in the current motion were pertinent to their argument, they would have included them in the draft motion to compel they prepared to resolve the discovery disputes.

### III.     ARGUMENT

Plaintiff's sole basis for seeking the private compensation information of non-parties Walsh and Hooper is her claim that these witnesses are "biased" as a result of being paid by Dell as employees. Plaintiff knows this information is not discoverable for her actual claim, so she frames her request in terms of supposed 'bias.' The witnesses are not similarly situated to Plaintiff, the witnesses have no financial stake in the case, and Plaintiff failed to secure any facts (because there are none) to establish any link between the salary/severance paid by Dell to the testimony given by the witnesses.

### A.     Discovery, Though Broad, Is Not Unlimited.

Discovery under Federal Rule of Civil Procedure 26(b)(1) is not unlimited and has "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, (1978) (*quoting Hickman v. Taylor*, 329 U.S. 495, 507, (1947)). It is equally well established that district courts have wide discretion to establish confines on discovery. *See Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 220 (5th Cir. 2000). Courts have also recognized that "the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.*

Similarly, courts should not allow parties to "roam in the shadow zones of relevancy to explore matter which does not presently appear germane on the theory that it might conceivably become so." *See Conboy v. Edward D. Jones & Co.,* No. 3:03-cv-2352-P, 2004 U.S. Dist. LEXIS 15684, at *14-*15 (N.D. Tex. Aug. 10, 2004) (*citing Boyd v. Am. Airlines, Inc.,* No. 3-01-cv-2230-D, 2002 U.S. Dist. LEXIS 19937, at *3 (N.D. Tex. Oct. 17, 2002)).

**B**.    **Compensation and Severance Of Non-parties And Employees Who Are Not Similarly Situated To Plaintiff Is Not Relevant And Subject To A Higher Level Of Protection.**

In addition to the general limitations on discovery, courts have afforded a heightened level of protection to the private personnel information (including salary, severance and wage information) of non-party witnesses, like Walsh and Hooper. *Clemons v. Dollar Gen. Corp.*, No. 2:09-cv-64, 2010 U.S. Dist. LEXIS 56376, at *13 (N.D. Miss. May 18, 2010) ("Production of employment records should not be ordered, absent a compelling demonstration of relevance, due to the inherent privacy interests. To obtain non-party personnel records, the requesting party must demonstrate the particular relevance of the personnel records to the issue."); *see also Torres v. CSK Auto, Inc.*, No. EP-03-113 (KC), 2003 U.S. Dist. LEXIS 25092, at *3 (W.D. Tex. Dec. 17, 2003) (denying request for data file containing names, addresses, social security numbers and telephone number for all potential "opt-in" plaintiffs in an FSLA action because "[t]his Court is disinclined to grant this request as made, given privacy concerns implicit in information derived from personnel records") *citing Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994) (district court did not abuse its discretion in denying discovery of other employees' personnel files where district court " feared that [Plaintiff] wanted to use this evidence not for purpose of comparison but to put [Defendant]'s personnel practices on trial."); *Knoll v. AT&T Co.*, 176 F.3d 359, 365 (6th Cir. 1999) ("defendants had a clear interest in the privacy of nonparty personnel files and that it was within the district court's power to grant the challenged protective order" which limited the inspection of personnel files to plaintiff's counsel only); *Smith v. City of Chicago*, No. 04 C 2710, 2005 U.S. Dist. LEXIS 26454, at *2 (N.D. Ill. Oct. 31, 2005) (limiting production of personnel files of nonparties to prohibit disclosure of salaries and rates of pay and portions of payroll records that do not include overtime/supplemental pay information "because such information is irrelevant" and would "gratuitously invade the privacy of current and former…employees"). The existence of a protective order does

not entitle Plaintiff to secure such private information, absent a showing a relevance. Accordingly, Defendant was not willing to produce such private information absent a compelling demonstration of relevance which Plaintiff simply cannot make; a fact which she essentially concedes in her Motion.

In an alleged discrimination or pay disparity case, such as here, Plaintiff must establish that the witness from whom the private employment information is sought is "similarly situated" to her in terms of job classification and duties. If she is unable to establish such a "particularized need" for discovery of the non-parties' private personnel information, then her motion should fail. By way of example, in *Gillum v. ICF Emergency Mgmt. Servs., L.L.C.,* No. 08-314-C-M2, 2009 U.S. Dist. LEXIS 60693 (M.D. La. July 16, 2009), the court denied a request for private, non-party personnel information, similar to Fleming's request here, and reasoned that:

> [W]hat is relevant to [Plaintiff's] discrimination/disparate treatment claims (or reasonably calculated to lead to the discovery of admissible evidence regarding those claims) is information demonstrating that other employees "similarly situated" to him were treated differently in terms of salary because of their age. Without a demonstration that the [non-party employees'] performed job functions at all similar to [Plaintiff], the Court cannot find the requested information to be sufficiently relevant to this case to warrant its discovery.

*Id.* at *31-*32. Here, there is no dispute that neither Walsh, as Plaintiff's supervisor, nor Hooper as Walsh's supervisor, are similarly situated to Plaintiff.[4]   Thus, the requested information is clearly not relevant to Plaintiff's substantive claims in this case and it now

---

[4] Plaintiff also sought compensation information for two other employees (Martin Titus and David Polster) whom she claims are comparators. Although Dell disputes that these individuals are legitimate comparators, it provided the information because that information at least arguably relates to her substantive claims. Plaintiff implies in her Motion to Compel, however, that Dell provided compensation data for Titus and Polster because the information relates to bias. Pl.'s Motion to Compel at 6, fn 3. In reality, Plaintiff did not pursue the compensation information because of any alleged bias even though these individuals were paid employees of Dell (just like Sean Walsh). What Plaintiff failed to address in her Motion is that she also originally sought compensation data for Hooper on the basis that it would show bias, yet subsequently dropped that request. *See* Burkhardt Decl. ¶ 5.

appears that this issue may be moot due to Plaintiff's stated intent to dismiss the EPA claim.[5] Burkhardt Decl. ¶ 7.

With no basis to seek the compensation/severance data as comparator information, Plaintiff then argued that Hooper and Walsh are critical witnesses and because their credibility is at issue, she is entitled to the compensation/severance information. Plaintiff's argument seeks to create an impossibly overbroad standard for discovery under the Rules. The credibility of witnesses is always an issue in every case. That axiomatic statement alone obviously cannot be sufficient to justify discovery of information unrelated to the substantive claims in the case. Under Plaintiff's reasoning, in this case, as would be the case in every employment discrimination suit, she would be entitled to compensation data for every witness in the case on the theory that if they received compensation or severance pay from the Company, she can argue they are biased.[6] There has to be something more than just a bald assertion by Plaintiff to justify such a broad standard.

C. **Plaintiff Cites No Legal Authority To Support Her Argument That A Defendant's Former And/Or Current Employees Are "Biased" Simply Because They Were Paid During Their Employment Or Received Severance Pay Upon Termination.**

   1. **The cases upon which Plaintiff relies are distinguishable and have no bearing on whether she is entitled to Walsh's salary information or Hooper's separation agreement.**

After noting the general, uncontested principle that "A party has the right to inquire as to the bias or prejudice of any witness," in her Motion, Plaintiff cites only a single case in support of her position that she is entitled to Walsh's and Hooper's salary

---

[5] Plaintiff is not arguing that the requested information is likely to lead to the discovery of admissible evidence. She merely seeks the information to make the frivolous argument that Walsh and Hooper must be biased against her because Dell compensates Walsh for the work he performs and paid Hooper severance pay upon her departure from Dell.

[6] Apparently recognizing that such a position would be ridiculous, Plaintiff has not sought compensation data for every witness in this case and even abandoned an effort to obtain this data from Hooper, who Plaintiff also contends is a critical witness. Despite this internally inconsistent argument, Plaintiff continues to seek Walsh's compensation data and still seeks Hooper's severance pay.

and severance information. That case is *Ellis v. Capps*, 500 F.2d 225 (5th Cir. 1974), a thirty-seven year old Fifth Circuit case that has no application here.

*Ellis* did not involve the production of salary information. In fact, it did not address the production of any third-party's information at all. Rather, in *Ellis*, the plaintiff was a state prisoner who brought a civil action against the warden of the prison for unconstitutionally relegating him to isolation and for allegedly presiding over and directing Ellis' beating following a disciplinary hearing. *Ellis*, 500 F.2d at 226. His case was tried to a defense verdict. *Id.* On appeal, the court reviewed the admission of the plaintiff's prison disciplinary record, which the plaintiff contended was irrelevant to any issue before the jury. *Id.* The disciplinary records documented "notorious incidents of violence" and other misconduct. *Id.* at 226-227. The Fifth Circuit reasoned that Ellis' own testimony regarding the "alleged brutalities engineered by the warden" had "opened wide the door for his adversary to demonstrate Ellis' bias or prejudice so as to taint his credibility."[7] *Id.* at 227. Ellis' disciplinary history was directly related to his credibility on the key issues on which his claims were based. The same is clearly not true here.

### 2. There are no facts here akin to those in cases in which "bias" has been the basis for discovery of irrelevant third party information.

Although bias may be an appropriate basis to seek discovery of otherwise irrelevant information, it will only justify such discovery when facts exist that "tend to show that a witness may shade his testimony for the purpose of helping to establish one side of the cause only." *Boyd v. Louisiana*, No. 03-1249-P, 2008 U.S. Dist. LEXIS 27388, *9-*10 (W.D. La. Apr. 4, 2008). For example, "bias" may be an appropriate ground to discover the amount paid to an expert witness or other third-party witness who has a financial *stake in the case*. *See Woodard v. Diamond Offshore Drilling,* No. 99-1661-C (1), 2000 U.S. Dist. LEXIS 3314, 3-4 (E.D. La. Mar. 9, 2000) (Allowing limited

---

[7] The *Ellis* case involved the production of documents related to the plaintiff to show the plaintiff's own bias. *Id*. at 226. It did not address discovery of a non-party's irrelevant private information.

discovery of physician and clinic's records on the ground of bias, but restricting discovery to a narrower scope than defendant had requested, where defendant asserted that plaintiff's physician and his clinic had financial relationship with counsel for plaintiff and his law firm which, if allowed to be explored in discovery, would tend to prove their bias in the case and further tend to prove that plaintiff's surgery was unnecessary. ).

There are other, similar cases in which courts addressed the discovery of payments to defendants' employees, but in each case there was a tie between the payment to the witness and the litigation at issue. For instance, in *Sager v. Std. Ins. Co.*, No. 5:08-cv-628-D, 2010 U.S. Dist. LEXIS 69158 (E.D.N.C. July 10, 2010), the court refused to require production of documents related to the "bonus, performance and compensation" of Defendant's employees, who were insurance claims reviewers who reviewed and denied the plaintiff's claim. In *Sager,* the plaintiff argued that the documents were relevant to show bias and incentive to deny claims but failed to offer any evidence or authority in support of his contention; accordingly, the court denied his Motion to Compel *Id.* Similarly, in the context of seeking discovery of the compensation structure paid to claims adjusters and physicians who were paid by the defendant insurance carrier, the court in *Mattox v. Life Ins. Co. of N. Am.,* No. 1:06-cv-2090-TCB, 2009 U.S. Dist. LEXIS 88061 (N.D. Ga. July 13, 2009) cited cases in which discovery of such information was allowed, but only when there was evidence that a witness's pay had a direct and relevant connection to the case. *Id.* at *31-*33. However, in *Maddox,* the Court also cautioned: "These cases do not stand for the principle that an employment relationship alone establishes bias sufficient to render a claims decision unreasonable. Without more, the fact that Defendant compensates [two nonparty physicians] for their opinions does not establish that these physicians are biased or that [defendant's] reliance on their opinions was arbitrary and capricious." *Id.* (*citing Davis v. Unum Life Ins. Co. of Am.,* 444 F.3d 569, 576 (7th Cir. 2006) ("The singular fact of working in-house does not disqualify a doctor from rendering an independent opinion any more than does paying an

outside doctor to do the same"); *Sanders v. Unum Life Ins. Co. of Am.,* No. 3:08-cv-03 (CDL), 2009 U.S. Dist. LEXIS 27176, at *29 (M.D. Ga. Mar. 30, 2009) ("Reliance upon in-house medical consultants who base their evaluations on a review of medical and vocational records is not, standing alone, an abuse of discretion.")).

Here, Plaintiff's argument that she should get Walsh's salary information and Hooper's severance pay fails because there are no facts that establish Dell paid them anything other than the performance of their jobs or separation from their jobs. There is certainly no evidence to suggest that either was paid because of their roles as potential witnesses in this case or for anything having to do with Fleming. There is absolutely no evidence that Walsh or Hooper benefit in any way from a judgment in this case or have any financial interest in the outcome of this case.

In essence, Plaintiff argues that because Walsh and Hooper were paid by Dell, they have a bias (i.e., they have a motive to lie) and they will therefore skew their testimony in Dell's favor. Yet, Plaintiff cites no case in which "bias" of a current or former employee was premised upon a person's salary or a person's severance pay provided by the employer. The reason for the complete absence of authority is obvious. A rule of law that would allow a party to claim "bias" on such grounds and obtain discovery of employees' private data (including personnel records, compensation information and severance agreements) would essentially eliminate the protections afforded to such information. Any witness who was a current or former employee of a defendant, would be forced to disclose their confidential salary, compensation and severance information, regardless of the data's relevancy to the case.

The law requires more than a baseless proclamation of "bias." Plaintiff took full day depositions of both Hooper and Walsh and had every opportunity to explore some factual basis to support her argument of potential bias. Plaintiff has failed to show any connection between Walsh's compensation or Hooper's severance pay and the claims in this case. There is no evidence that Walsh's compensation at Dell is based in any way on

his former dealings with Fleming, his participation in this case or any testimony that he may give.[8] Similarly, there is no evidence that the amount of severance Hooper was paid had anything to do with her dealings with Fleming or was in any way based on her participation in this litigation.[9] Plaintiff's counsel could have explored all of these areas in an effort to support their demand for this information, but they failed to do so. Instead, Plaintiff simply asks this Court to order the production of irrelevant information based on her assertion that Walsh and Hooper must be biased.

## IV.   CONCLUSION

Plaintiff's Motion is an attempt to circumvent the proper bounds of discoverable information by simply claiming "bias." If her argument is to be accepted, then every employee who is paid for their work is necessarily a "biased" witness and their compensation and severance information must be produced. As demonstrated above, Plaintiff's motion lacks factual and legal support and should be denied.

---

[8] Plaintiff was terminated in March of 2009 yet Plaintiff seeks all of Walsh's compensation data, even before her termination. Moreover, Plaintiff argues that because her counsel was permitted to ask Walsh a question regarding his salary during Walsh's deposition, Dell has waived its objections to Plaintiff's requests for production of all the details of Walsh's compensation. If anything, the fact that Plaintiff already has Walsh's estimate of his salary yet persisted in filing this motion to obtain details regarding every facet of Walsh's compensation, demonstrates that Plaintiff is not actually interested in using Walsh's salary to show he is "biased."

[9] Plaintiff argues that Hooper is biased because her severance agreement has a cooperation clause. Hooper's agreement includes a standard cooperation provision – a provision that is identical to the one offered to Plaintiff in her separation agreement. Defendant has offered to produce a redacted copy of the separation agreement executed by Hooper.  Burkhardt Decl. at ¶ 6.

Respectfully submitted,

  */s/* _____
Jason S. Boulette
Michael J. Golden
**BOULETTE & GOLDEN L.L.P.**
2801 Via Fortuna
Suite 530
Austin, Texas 78746
jason@boulettegolden.com
mike@boulettegolden.com
Tel: (512) 732-8900
Fax: (512) 732-8905

Rachel Morgan
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201
Tel: (214) 466-4000
Fax: (214) 466-4001
rachel.morgan@morganlewis.com

Michael Burkhardt
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
mburkhardt@morganlewis.com

**ATTORNEYS FOR DEFENDANT
DELL INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELLEN L. FLEMING, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1-10-cv-00973 |
| DELL INC., | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff's Motion to Compel and Defendant's Response to Plaintiff's Motion to Compel. Having reviewed the evidence and arguments submitted, the Court finds that the motion should be denied.

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Compel is DENIED.

Signed at Austin, Texas on this ____ day of _____, 2011.

_____

Honorable Sam Sparks
United States District Judge

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's ECF system on this 14th day of October 2011, as follows:

| | |
|---|---|
| Geoffrey D. Weisbart | Julie A. Springer |
| Tonia L. Luclo | **Scott Douglass & McConnico, L.L.P.** |
| **Hance Scarborough, LLP** | 600 Congress Avenue, Suite 1500 |
| 111 Congress Avenue, Suite 500 | Austin, TX 78701-2589 |
| Austin, TX 78701 | jspringer@scottdoug.com |
| gweisbart@hslawmail.com | |
| tlucio@hslawmail.com | |

                                                            */s/*

                                             Counsel for Defendant