IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELLEN L. FLEMING, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1-10-cv-00973-SS |
| DELL INC., | § § § | |
| Defendant. | § § | |

### DELL'S RESPONSE TO
### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Dell Inc. ("Dell") files this response to Ellen L. Fleming's ("Plaintiff") Motion for Partial Summary Judgment.

## I. INTRODUCTION

1.  Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's MPSJ") does nothing to undermine the validity of Dell's counterclaims against Plaintiff. In fact, there are no material issues with respect to the following undisputed facts: (1) while she was employed, Plaintiff had a non-Dell employee (her husband) make a copy of her work laptop and place it on an unprotected home computer to which he had access; (2) Plaintiff did not inform Dell that she had a non-employee make a copy of her work laptop; (3) Plaintiff did not return the copied information when she was separated from employment with Dell; (4) Plaintiff did not disclose the fact that she made and retained a copy of her work laptop until shortly prior to her deposition in this case; (5) the information that was accessed and copied by the non-Dell employee included Dell confidential information, including individual employee salary data; (6) the non-Dell employee retained access to this information on a "daily" basis; and (7) the non-Dell employee had Dell's confidential information connected to his wireless router. *App.* at ¶ 1. **These facts are all undisputed.**

2. As the Court is already aware, on September 12, 2011, Dell filed its Motion for Partial Summary Judgment ("Dell's MPSJ" at Dkt. # 34) on its counterclaim for breach of equity agreements entered into by Plaintiff. As explained in that motion, pursuant to the terms of the 2006 and 2007 Performance Based Stock Unit Agreements between Plaintiff and Dell (the "PBU Agreements"), because Plaintiff violated her obligations with respect to Dell's confidential and proprietary information, Dell had the right to demand that Plaintiff return the value of equity grants made to her, which it did. Plaintiff refused, thereby breaching the PBU Agreements. Dell's MPSJ ¶¶ 5-9.

3. Plaintiff now seeks to re-argue some of the same issues that have already been fully briefed on Dell's counterclaim under the PBU Agreements and claims that Dell's other breach of contract and common law claims must fail because Plaintiff was somehow justified in breaching her obligations to Dell. As detailed below, Plaintiff's arguments fail as a matter of law.

## II.   ARGUMENT

### A.   Plaintiff's Misconduct Was Not Protected Under Title VII.

4. Plaintiff attempts to defend her undisputed misconduct[1] by claiming that she needed to copy the information to preserve it for her potential discrimination claim against Dell and that her misconduct was thus "justified" under Title VII. Plaintiff's MPSJ at ¶ 9. In support of this claim, Plaintiff cites various cases analyzing whether an employee can be terminated for misappropriating confidential information. Plaintiff's MPSJ at ¶¶ 4-14.

---

[1] Plaintiff asserts, without any factual support, that there is a "serious question" as to whether Dell policy prohibits an employee from making a copy that will "stay with the employee." Plaintiff's MPSJ at ¶ 12. Setting aside the lack of any evidence to support this assertion, Plaintiff ignores the undisputed fact that the confidential and proprietary documents Plaintiff copied did not remain with her as an employee (they went to her husband and later her lawyer) and further ignores the undisputed fact that she retained them well after her status as an "employee" ended. Indeed, Plaintiff has outright admitted that she violated her obligations to Dell by failing to return the copy she made of Dell's confidential and proprietary information after her employment ended. *App.* at ¶ 2.

5. As a threshold matter, none of the cases cited by Plaintiff purport to establish a defense to a return of share value, breach of employment agreement, breach of fiduciary duty, or misappropriation claim. Rather, the cases relied upon by Plaintiff analyze whether taking or refusing to return confidential information amounts to protected activity such that termination of an employee for such conduct constitutes retaliation. *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 726 (6th Cir. 2008) (analyzing whether copying documents was protected activity to determine whether termination for same was retaliatory); *Kempcke v. Monsanto Co.*, 132 F.3d 442 (8th Cir. 1998) (same re refusing to return documents); *Jeffries v. Harris County Community Assoc.*, 615 F.2d 1025 (5th Cir. 1980) (same re copying documents); *Quinlan v. Curtiss-Wright Corp.*, 976 A.2d 429 (N.J. Super. 2009) (same); *Watkins v. Ford Motor Co.*, 2005 WL 3448036 (S.D. Ohio Dec. 15, 2005) (same); *Laughlin v. Metropolitan Washington Airports Auth..*, 952 F. Supp. 1129 (E.D. Va. 1997) *aff'd*, 149 F.3d 253 (4th Cir. 1998) (same); *see also O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756 (9th Cir. 1996) (same).

6. Even if these cases were applicable, Plaintiff's indiscriminate copying of the confidential documents found on her hard drive would not constitute protected activity.[2] *See, e.g., Jeffries*, 615 F.2d at 1036-37 (cited by Plaintiff's MPSJ at ¶¶ 4, 6). In *Jeffries*, the Fifth Circuit held that an employee's copying and dissemination of a "personnel action form" and other personnel materials were not protected activity because the employer "had a legitimate and substantial interest in keeping its personnel records and agency documents confidential" and the employee "had not shown any need for the surreptitious copying and dissemination of the documents." *Id*. at 1036. The Court concluded the employee did not establish that her employer

---

[2] Plaintiff disingenuously implies that she only copied information to preserve it for her potential claims against Dell. Plaintiff's MPSJ at ¶ 11. In reality, the undisputed facts show that Plaintiff indiscriminately copied the contents of her work laptop with no regard for whether specific information was related to her alleged potential claims because it was *easier* than being selective. *App.* at ¶ 4. Moreover, at the time the information was copied, Plaintiff had not filed any claim. In fact, she did not file a claim until 9 months after she copied the information. *App.* at ¶ 5.

"would have destroyed the documents had she not taken action to preserve them, and has not made a colorable claim that she reasonably believed there was a need to act as she did." *Id*.

7.  Likewise, in *Niswander*, a case relied upon by Plaintiff, the Sixth Circuit held that an employee's delivery of confidential employer documents to her lawyer, including documents that were not directly related to her claim but instead were kept to jog her memory regarding instances of retaliation, was not protected activity:

> Niswander could have preserved the alleged evidence of retaliation in other ways; in particular, she could have taken notes of the incidents that she believed demonstrated retaliation instead of delivering documents that contained confidential policyholder information. Producing confidential documents for the sole purpose of jogging one's memory, when there are readily available alternatives to accomplish the same goal, does not constitute the kind of reasonable opposition activity that justifies violating a company's privacy policy"

*Niswander*, 529 F.3d at 727*; see also Laughlin*, 952 F. Supp. at 1138 (an employee must show specific evidence that there were no alternatives to taking the employer's documents because "it is appropriate to presume that misappropriating an employer's documents is not protected activity because the law should not create incentives for employees to breach their fiduciary duties"); *Watkins*, 2005 WL 3448036, at *8 ("The fact that plaintiff purportedly obtained documents for use in a lawsuit does not excuse his conduct, particularly since plaintiff could have sought that information by securing counsel and going through proper legal channels.").

8.  Plaintiff further argues that, because she had access to Dell's confidential and proprietary information *in connection with her employment*, she was entitled to intentionally copy, retain, and disclose that information for her own purposes. *See* Plaintiff's MPSJ at ¶ 8, 11. Like Plaintiff's other arguments, this assertion has been rejected by the very cases Plaintiff relies on to support it. *See Niswander*, 529 F.3d at 727 ("Rather than innocently stumbling upon evidence of illegal employment practices, Niswander specifically searched through the CIC

documents that she had at her home office for the purpose of uncovering evidence of retaliation."); *see also Quinlan*, 976 A.2d at 439 (same).

9. Plaintiff's also argues that her undisputed misconduct is excused because she "only" shared Dell's confidential and proprietary information with her husband and her current counsel.[3] Plaintiff's MPSJ at ¶ 10. Again, in the very case cited by Plaintiff, the Sixth Circuit specifically rejected this argument, holding that an employee's dissemination to her attorneys was not protected activity when there were other means of informing her counsel of her claims. *See Niswander*, 529 F.3d at 727 ("[I]n light of the fact that Niswander had alternative means to inform her …counsel of the alleged retaliation, her behavior cannot be condoned simply because she limited dissemination of her documents in question to her attorneys"); *see also Watkins*, 2005 WL 3448036, at *8 (copying and sharing files with counsel was not protected activity).

10. Finally, in a last ditch effort to defend her undisputed misconduct, Plaintiff resorts to a patent falsehood by claiming "there was not an easier way for Plaintiff to document or preserve her side of the evidence." Plaintiff's MPSJ at ¶13. Neither the facts, *see App*. at ¶¶ 1, 4, nor the well-settled law support Plaintiff's preposterous assertion:

> In balancing an employer's interest in maintaining a "harmonious and efficient" workplace with the protections of the anti-discrimination laws, we are loathe to provide employees an incentive to rifle through confidential files looking for evidence that might come in handy in later litigation. The opposition clause protects reasonable attempts to contest an employer's discriminatory practices; it is not an insurance policy, a license to flaunt company rules or an invitation to dishonest behavior.

*O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763-64 (9th Cir. 1996).

---

[3] Plaintiff appears to assert that her current counsel is the only non-employee to whom she disclosed Dell's confidential and proprietary information. Plaintiff's MPSJ at ¶ 11. However, it is undisputed that Plaintiff provided her husband access to her Dell work laptop and that he retained continuous access to the copy he made of Dell's confidential and proprietary information. *App*. at ¶ 1. Moreover, Plaintiff's husband acted as her lawyer before the EEOC, and Plaintiff claims she needed to access this information to provide some of it to the EEOC. *App*. at ¶¶ 3, 7.

## B.  Breach of Fiduciary Duty

11. Plaintiff argues that Dell cannot pursue the remedy of compensation forfeiture for breach of fiduciary duty. Plaintiff's MPSJ at ¶¶ 15-16. In reality, it is well established that a fiduciary who breaches her duty is subject to having her compensation forfeited:

> [A] person who agrees to perform compensable services in a relationship of trust and violates that relationship breaches the agreement, express or implied, on which the right to compensation is based. The person is not entitled to be paid when he has not provided the loyalty bargained for and promised.

*Burrow v. Arce*, 997 S.W.2d 229, 237-38 (Tex. 1999); *see also ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 873 (Tex. 2010) ("[E]ven if a fiduciary does not obtain a benefit from a third party by violating his duty, a fiduciary may be required to forfeit the right to compensation. …"); *Cent. Texas Orthopedic Products*, 2009 WL 4670446, at *5 (Tex. App.—San Antonio Jan. 20, 2010) ("Fee forfeiture is appropriate in cases where an employee breaches his fiduciary duty to his employer."); *Russell v. Truitt*, 554 S.W.2d 948, 957 (Tex. Civ. App.—Ft. Worth 1977 writ ref'd n.r.e.) (fiduciary's "breach automatically results in the forfeiture of the agent's compensation"); *Moore v. Kelley*, 162 S.W. 1034, 1037 (Tex. Civ. App.—Amarillo 1914, writ ref'd) ("if [an agent] acts adversely to his employer in any part of the transaction, or omits to disclose any intent which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal as to forfeit any right to compensation for services."); RES. (THIRD) OF AGENCY § 8.01, cmt. d.2 ("An agent's breach of fiduciary duty is a basis on which the agent may be required to forfeit commissions and other compensation paid or payable to the agent during the period of the agent's disloyalty.").

12. Plaintiff further argues that Dell cannot pursue fee forfeiture because it has not produced evidence of monetary damages associated with Plaintiff's conduct. Plaintiff's MPSJ at ¶ 16. This argument has been specifically rejected by the Texas Supreme Court. *ERI*, 318 S.W.3d

at 873-74 ("[E]ven if a fiduciary does not obtain a benefit from a third party by violating his duty, a fiduciary may be required to forfeit the right to compensation. … The remedy of forfeiture removes any incentive for an agent to stray from his duty of loyalty based on the possibility that the principal will be unharmed or may have difficulty proving the existence or amount of damages."); *Burrow*, 997 S.W.2d at 238 (cited by Plaintiff's MPSJ at ¶ 15) ("[T]o limit forfeiture of compensation to instances in which the principal sustains actual damages would conflict with both justifications for the rule. It is the agent's disloyalty, not any resulting harm, that violates the fiduciary relationship and thus impairs the basis for compensation.").

**C.    Dell's Loss of Exclusive Use and Possession Is Evidence of Damages For Plaintiff's Undisputed Breach of Her Employment Agreement.**

16.    Plaintiff's Employment Agreement specifically required Plaintiff to deliver to Dell "all originals *and copies*" of all Dell materials, documents, and property in her possession upon her separation. *App.* at ¶ 12 (emphasis added). Accordingly, to the extent Plaintiff argues that she did not breach her obligations because she returned Dell's confidential and proprietary information and "only" kept a copy, Plaintiff's argument fails.

17.    Plaintiff also argues that Dell cannot proceed with its claim that Plaintiff breached her Employment Agreement because it has presented no evidence of monetary harm. Plaintiff's MPSJ at ¶ 18. Dell's injury is undisputed: it lost the exclusive use and possession of its confidential and privileged information when Plaintiff gave a non-Dell employee access to it. *See Deaton v. United Mobile Networks, L.P.*, 926 S.W.2d 756, 763 (Tex. App.—Texarkana 1996), *aff'd in part and rev'd in part*, 939 S.W.2d 146 (Tex. 1997) ("When the taking of a copy deprives the company of the exclusive possession of the list, . . . this may damage or destroy the value of

the asset.");[4] *see also Chandler v. Mastercraft Dental Corp.*, 739 S.W.2d 460, 469 (Tex. App.—Fort Worth 1987, writ denied) (taking a copy constitutes conversion of the property).

### D. Misappropriation Does Not Require Commercial Use

18. In Texas, misappropriation occurs when a confidence is breached as to information learned through a confidential relationship. *See Hyde Corp. v. Huffine*, 314 S.W.3d 763, 773 (Tex. 1958). Plaintiff argues that Dell may not proceed with its misappropriation claim unless it demonstrates commercial use of its trade secrets by Plaintiff. Plaintiffs' MPSJ at ¶ 19. But the Supreme Court of Texas has made clear that a cause of action for misappropriation may proceed without a showing of commercial use, if there is a showing of unauthorized disclosure. *See Hyde*, 314 S.W.2d at 769-70; *see also*, *Atlantic Richfield Co. v. Misty Prods., Inc.,* 820 S.W.2d 414, 422 (Tex. App.—Houston [14th Dist.] 1991, writ denied). ("Thus, actual use *or disclosure* of the trade secret is a required element of the tort.") (emphasis added). It is undisputed that Plaintiff disclosed Dell confidential information without permission from Dell to both her husband and her counsel. Moreover, it is undisputed that Plaintiff's conduct cost Dell the exclusive use and possession of its confidential and proprietary information. *See App.* at ¶¶ 1, 2.

### E. The PBU Agreements

19. Attempting to re-argue the same claims made in opposition to Dell's Motion for Partial Summary Judgment, Plaintiff claims the requirement that she return the monetary value of the equity grants she received under the PBU agreements (the "Returnable Share Value") is an improper liquidated damages provision designed to approximate the damages that flow from an employee's breach of his or her obligations with respect to confidential information. Plaintiff's

---

[4] The Supreme Court reversed on the issue of damages because UMN'S expert "did not base his testimony on the list's exclusivity." *Deaton*, 939 S.W.2d at 148.

MPSJ at ¶¶ 21-22. For all the reasons already briefed before this Court and set forth below, Plaintiff is wrong. *See* Dkt. # 34, Dkt. # 41.

13. As a threshold matter, Plaintiff's acceptance of the equity grants and the terms of the 2006 and 2007 PBU agreement was explicitly voluntary. *App.* at ¶ 10 ("By accepting this agreement and the grants of the Units evidenced hereby, you expressly acknowledge … your participation in the Plan is voluntary."). It is also undisputed that the equity grants under the 2006 and 2007 PBU Agreements were an "extraordinary item of compensation outside of the scope of [Plaintiff's] employment contract." *Id*.

14. It is further undisputed that the equity grants were made under the explicit condition that Plaintiff would return the value of the equity grants, if she violated her obligations with respect to Dell's confidential and proprietary information. *App.* at ¶ 9 ("By accepting this award, you agree that if the Company determines that you engaged in 'Conduct Detrimental to the Company' … you shall be required, upon demand, to return to the Company … certain share value. …). Plaintiff's argument that the Court should now ignore this explicit condition of the equity grant simply because she no longer likes it should be rejected. *See W.R. Berkley Corp. v. Hall,* No. Civ. A. 03C-12-146WCC, 2005 WL 406348, at *5 (Del. Super. Feb. 16, 2005) ("[T]his litigation can only be characterized as a desperate attempt by the Defendant to avoid an agreement entered into in good faith by all parties."); *Weichert Co. of Pennsylvania v. Young*, 2007 WL 4372823, (Del. Chan. 2007) ("Because Young has breached the restrictive covenant contained in the Severance Agreement, Weichert is entitled to the $7,541.39 Young received as severance pay.").

15. Moreover, Plaintiff's breach of the 2006 and 2007 PBU Agreements consists of her refusal to return the value of the equity she received, which she was obligated to do once she

violated her obligations with respect to Dell's confidential information. *See App.* at ¶ 9. It is undisputed that Plaintiff violated her obligations to Dell when, at a minimum, she failed to return all of the contents of her work laptop that she had copied and retained on an unsecure home computer.[5] As a result, even if the "Returnable Share Value" provision were construed as a liquidated damages provision, it would be enforceable because it precisely calculates the monetary value of the equity Plaintiff is refusing to return (*i.e.*, the harm caused by Plaintiff's breach). *Montague v. Seacoast Realty*, No. Civ. A. 01C-10-021, 2003 WL 22787611, *16 (Del. Super. Oct. 3, 2003) ("The presumption in dealing with damages clauses is to interpret them as liquidated damages, which are valid and enforceable on its terms, when the purposes of the clause is to compensate the nonbreaching party or to ensure performance.").

16.     Finally, Plaintiff once again fails to address Dell's alternate basis for contractual relief under the 2006 and 2007 PBU Agreements: if any portion of the 2006 and 2007 PBU Agreements is declared unenforceable (as Plaintiff asks this Court to declare), Dell is entitled to have Plaintiff return the share value she received under the Agreements. *Compare App.* at ¶ 11 with *Olander v. Compass Bank*, 363 F.3d 560, 568 (5th Cir. 2004) (affirming order directing plaintiff to return value received under a stock agreement, after plaintiff secured ruling that a portion of the agreement was unenforceable).

## CONCLUSION

For all the reasons set forth herein, Dell respectfully requests that Plaintiff's Motion for Partial Summary Judgment be denied in its entirety and that Dell's September 11, 2011, Motion for Partial Summary Judgment be granted.

---

[5] Plaintiff confuses Dell's PBU claim with Dell's separate claim for breach of Plaintiff's Employment Agreement. The breach of the PBU agreements occurred when Plaintiff refused to return the Returnable Share Value upon demand by Dell. The breach of the Employment Agreement occurred when Plaintiff secretly copied Dell's confidential and proprietary information and refused to return same.

Respectfully submitted,

___*/s/ Jason S. Boulette*___

Jason S. Boulette
State Bar No. 90001846
jason@boulettegolden.com

**BOULETTE & GOLDEN L.L.P.**
280-1 Via Fortuna, Suite 530
Austin, TX 78746
Tel:    512-732-8900
Fax:    512-732-8905

Michael S. Burkhardt
(Admitted *Pro Hac Vice)*
mburkhardt@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel:    215-963-5000
Fax:    215-963-5001

Rachel Morgan
Rachel.morgan@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 320
Dallas, Texas 75201
(214) 466-4000
(214) 466-4001 Fax

**ATTORNEYS FOR DEFENDANT, DELL INC.**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's ECF system on this 4th day of November 2011, as follows:

| | |
|---|---|
| Geoffrey D. Weisbart<br>Tonia L. Lucio<br><br>**Hance Scarborough, LLP**<br>111 Congress Avenue, Suite 500<br>Austin, TX 78701<br>gweisbart@hslawmail.com<br>tlucio@hslawmail.com | Julie A. Springer<br><br>**Scott Douglass & McConnico, L.L.P.**<br>600 Congress Avenue, Suite 1500<br>Austin, TX 78701-2589<br>jspriager@scottdoug.com |

        ___*/s/ Jason S. Boulette*___
        Jason S. Boulette
        Counsel for Defendant, Dell Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **ELLEN L. FLEMING,** § | |
| § | |
| **Plaintiff,** § | |
| **v.** § | **CIVIL ACTION NO. 1:10-CV-00973-SS** |
| § | |
| **DELL INC.,** § | |
| § | |
| **Defendant.** § | |

**ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Plaintiff's Motion for Partial Summary Judgment. The Court has considered the pleadings, the evidence, and the arguments of counsel, and hereby denies Plaintiff's Motion for Partial Summary Judgment.

It is therefore ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED.

SIGNED this _____ day of _____, 2011.

> Honorable Sam Sparks
> United States District Judge